**Robert J. McNALLY**

v.

**Joseph D. MOKARZEL et al.**

Supreme Judicial Court of Maine.

May 26, 1978.

Brann & Isaacson by Peter M. Garcia, Lewiston (orally), for plaintiff.

Bernstein, Shur, Sawyer & Nelson by F. Paul Frinsko, Portland (orally), Gaulin & Kimmel by Kenneth E. Kimmel, Biddeford, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

By complaint entered in Superior Court in Androscoggin County, the Plaintiff, Robert J. McNally, sought damages from the Defendants, based on the manner and circumstances under which he was terminated from his position as Code Enforcement Officer for the Defendant, Town of Old Orchard Beach. The individual Defendants are four of the seven town council members at the time of his termination. Upon motion of the Defendants made pursuant to Rule 12(b)(6) M.R.Civ.P., the Superior Court dismissed the complaint on the grounds that the Defendants were immune from liability under the facts alleged. The plaintiff appealed.[1]

We deny the appeal with respect to the individual Defendants, but we sustain the appeal with respect to the Defendant Town. We remand for further proceedings limited

---

1. On September 5, 1975, this Court dismissed the Plaintiff's first appeal for lack of jurisdiction, since the record did not indicate disposition of a counterclaim filed by Defendant Sullivan, and the appeal was therefore interlocutory. Subsequently, that counterclaim was dismissed, and this appeal was taken.

to issues raised by allegations that the Town wrongfully refused to reimburse the Plaintiff for expenses he incurred in the course of his official duties.

For purposes of reviewing the legal sufficiency of the complaint under a Rule 12(b)(6) motion, we assume the truth of all well-pleaded factual allegations in the complaint. *Beckett v. Roderick*, Me., 251 A.2d 427, 430 (1969). We must construe the complaint in favor of the pleader. *Richards v. Ellis*, Me., 233 A.2d 37, 38 (1967). Furthermore, a complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim unless it appears to a certainty that the Plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim. *Bramson v. Chester L. Jordan & Co.*, Me., 379 A.2d 730, 731 (1977).

Broadly speaking, the complaint before us alleges that between February and August, 1972, the Defendant councilmen, acting in their official and individual capacities, conspired and acted to drive the Plaintiff from his employment as Code Enforcement Officer for the Town of Old Orchard Beach. The Plaintiff was wrongly accused by the Defendants of falsifying an employment application. After a hearing, the charges were initially dismissed over the opposition of Defendants Mokarzel, Sullivan and Murphy, but the charges were later renewed by Defendant Sullivan.

The Defendants also accused the Plaintiff of exceeding his authority. On June 28, 1972, in town council, they voted as a majority to relieve him of his duties. He was later suspended for thirty days pending an investigation. At the town council meeting of July 6, 1972, the individual Defendants, voting as a majority, tabled and effectively denied the Plaintiff's routine request for reimbursement for $2,100.00 in travel expenses. The next day, the individual Defendants caused the Defendant Town to commence a civil action against the Plaintiff, later dismissed for lack of prosecution, seeking to restrain him and remove him from his job.

On July 20, 1972, the town council, with the individual Defendants again comprising the majority, voted to further suspend the Plaintiff and to investigate his official conduct. In support of this action, the Defendants made certain statements which the Plaintiff alleged "carried the clear innendo [sic] of deliberate official misconduct by Plaintiff." On July 31, 1972, with more innuendo of official misconduct, the council, with the Defendants once more comprising the majority, terminated the federal program which funded the Plaintiff's position.

The parties to this controversy agree that the main thrust of the Plaintiff's complaint is directed to the allegedly tortious conduct of the four individual Defendants. It is in this context that the immunity issue arises.

Public officials are immune from civil liability for quasi-judicial decisions within the scope of their authority without regard to bad faith, malice or other evil motives. *Richards v. Ellis*, Me., 233 A.2d 37 (1967); *Rodway v. Wiswall*, Me., 267 A.2d 374 (1970). This absolute immunity, however, does not extend to all officials in all contexts. Illustratively, those members of a subordinate body, such as a town council, cannot claim the cloak of immunity " . . . when (and regardless that) a power legislative in nature might be in process of being exercised." *Cohen v. Bowdoin*, Me., 288 A.2d 106, 113 n. 8 (1972). In the latter circumstance only a qualified privilege attaches, one which can be overcome by a showing of actual malice. *Id.* at 112.[2] In the case at bar, the complaint clearly alleges actual malice on the Defend-

---

2. "An immunity differs from a privilege, or justification or excuse, although the difference appears to be largely one of degree. The privilege avoids liability for tortious conduct only under particular circumstances, and because these circumstances make it just and reasonable that the liability shall not be imposed, and so go to defeat the existence of the tort itself.

An immunity, on the other hand, avoids liability in tort under all circumstances, within the limits of the immunity itself; it is conferred, not because of the particular facts, but because of the status or position of the favored defendant; and it does not deny the tort, but the resulting liability." (Footnote omitted). Prosser, Law of Torts at 970 (4th Ed. 1971).

ants' part, and this allegation would be sufficient to withstand a Rule 12(b)(6) motion if no more than the qualified privilege were available to the individual Defendants.

■ The issue before us, however, arises out of a quasi-judicial act, the manner of termination of the Plaintiff as the Town's Code Enforcement Officer. Because it was quasi-judicial, the absolute immunity rule set forth in *Richards, supra,* and *Rodway, supra,* governs the case at bar. Although we held in *Cohen* that no blanket immunity attached to members of a subordinate body such as a town council, that holding was in the context of our continued recognition of the absolute immunity doctrine attaching to quasi-judicial decisions. This Plaintiff cannot overcome the rule of absolute immunity merely by alleging that members of a municipal council acted with malice; he was required to go further in his pleadings and demonstrate that the town council members were acting in other than a quasi-judicial capacity with reference to their conduct toward him. In the case at bar, the Plaintiff has made no such showing. On the contrary, the allegations of the complaint plainly show that the Defendants' activities were quasi-judicial in nature.[3]

The case at bar parallels *Rodway v. Wiswall, supra,* where we held that the defendants, three of the twelve trustees of the Maine Maritime Academy, acted in a quasi-judicial capacity in persuading the other trustees to vote to terminate the Plaintiff's contract as superintendent of the Academy. In *Rodway* by statute the trustees were placed in charge of the affairs of the academy with power to appoint and remove nec-

essary instructors and other employees. "The gravamen of the complaint . . . is that these defendants . . . induced and persuaded the full Board, or at least a majority thereof, to take a quasi-judicial action unfavorable to the plaintiff, employing in the process false reports and other *improper means of achieving their ends.*" 267 A.2d at 376. Since the conduct alleged was entirely within the scope of their statutory authority to investigate the competence of, and to remove if necessary, the academy's superintendent, ". . . a fair reading of the complaint brings it squarely within the purview of *Richards* and defendants are protected by . . . absolute immunity . . .." *Id.*

Here the town council was empowered to inquire into the official conduct and competence of town employees.[4] The Plaintiff does not contend otherwise. Significantly, the complaint alleges only that the Defendants voted to terminate funding for the Plaintiff's position, not that he was discharged outright. In any event, the Plaintiff does not contend that this action was outside the scope of the Defendants' authority.

As *Rodway* establishes, an investigation into the conduct or competence of an employee, and any official action taken upon such an investigation, is essentially quasi-judicial in nature. The council must hear the evidence relating to a particular individual and make an adjudicatory decision based on the particular facts of the case. This type of activity is to be distinguished from the legislative function which a town council performs under other circumstanc-

3. In the circumstances of this case, it adds nothing to the complaint to allege that the Defendants acted in their individual as well as their official capacities. All of the facts alleged relate to activities of the Defendants as town council members directed toward the Plaintiff as Code Enforcement Officer. The public policy behind the immunity rule would be defeated if it could be avoided by allegations of personal ill-will in the course of official actions.

4. At the time of the events in question, 30 M.R.S.A. § 2256 provided, in pertinent part, as follows:

. . . Except where specifically provided, the selectmen shall appoint, for a term of one year, all town officials and employees required by general law or by the municipality *and may remove such officials and employees for cause, after notice and hearing.* (Emphasis added).

The following year, by P.L.1973, c. 421, § 1, the Legislature, *inter alia,* substituted the words "municipal officers" for "selectmen," thus clarifying that the law was intended to apply equally to all forms of town government.

es.[5] The sensitive nature of this type of inquiry is precisely the situation justifying the immunity doctrine, for there are bound to be individuals who are unhappy about a particular decision. Cf. *Richards v. Ellis, supra,* 233 A.2d at 39.

The Plaintiff's allegation that the Defendants conspired, as well as acted, against him adds nothing to the complaint. In Maine, conspiracy is not a separate tort but rather a rule of vicarious liability. *Cohen v. Bowdoin, supra,* 288 A.2d at 109–110.

In another aspect of his one-count complaint, the Plaintiff sought $2,500.00 in damages for lost earnings. He bases this claim on a "contract arising out of Plaintiff's employment by the Town." However, the complaint, even construed favorably to the Plaintiff, alleges no facts which show, or even suggest, anything other than an employment at will. Furthermore, the allegation that the Defendants' vote caused the Town to terminate the federal program which funded the Plaintiff's position virtually concedes that the Plaintiff's continued employment was entirely contingent upon the Town's continued participation in that program. In the absence of constitutional or statutory restrictions, generally a municipal corporation which has the power to create a particular office may also abolish it. *Sevigny v. City of Biddeford,* Me., 344 A.2d 34, 41 (1975). The Plaintiff's claim for earnings lost after termination has no merit.

Turning to a third aspect of his complaint, we reach a different conclusion with respect to the legal sufficiency of Plaintiff's allegations that the Defendants' vote caused the Town to refuse his "routine request for compensation for travel expense incurred in his official duties." Neither party briefed this issue in any meaningful way. Nevertheless, we are unable to say to a certainty that the Plaintiff would be entitled to no relief against the Town under any set of facts he might be able to prove in support of this claim. See generally 30 M.R.S.A. § 1902 and cases arising thereunder.

In contrast to his claim for lost earnings, these expenses were allegedly actually incurred prior to his termination. Any such liability would be that of the Defendant Town itself, and not of the individual Defendants. There is no allegation that any of the individual Defendants held himself out in any manner to be personally liable to the Plaintiff for this part of his claim. Cf. *Simonds v. Heard,* 40 Mass. (23 Pick.) 120 (1839).

The entry will be:

As to Defendants Mokarzel, Sullivan, Lessard and Murphy, appeal denied; judgment of dismissal affirmed; costs allowed to the said Defendants.

As to Defendant Town of Old Orchard Beach, appeal sustained; judgment set aside; costs allowed to the Plaintiff; remanded to Superior Court for further proceedings consistent with the opinion herein.

POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., concurring.

---

**5.** As in *Rodway v. Wiswall, supra,* 267 A.2d at 376, we need not here delineate the scope of immunity attaching to the acts of an executive officer or one acting in an executive capacity.