Gregory **EDGECOMB**

v.

**TOWN OF LIMESTONE.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1987.
Decided March 8, 1988.

---

William J. Smith (orally), Van Buren, for plaintiff.

Richard D. Solman (orally), Caribou, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Gregory Edgecomb appeals from the judgment in favor of the Town of Limestone and its municipal officers entered in Superior Court, Aroostook County. Edgecomb challenges the court's affirmance pursuant to M.R.Civ.P. 80B of the action of the Board of Selectmen that in turn affirmed the town manager's decision to discharge Edgecomb for cause from the town's police force. Edgecomb also asserts that the court erred in granting, on the basis of res judicata, summary judgment for the defendants on his claims based on contract, malicious interference with contract rights and violation of due process. Because we conclude that the 80B action was not properly before the Superior Court, we vacate in part the judgment.

On May 22, 1984, Edgecomb was suspended with pay from his duties as an officer of the Limestone Police Department. After an evidentiary hearing before the town manager, Edgecomb was discharged on June 5. At Edgecomb's request, a hearing was held by the Board of Selectmen on June 19. The board affirmed Edgecomb's discharge on June 25, 1984, finding that the manager's decision was based on "just cause." Edgecomb filed a multi-count complaint on July 25, 1984, seeking in Count I direct judicial review pursuant to M.R.Civ.P. 80B, and alleging in Count II breach of the police department's collective bargaining agreement, Count III malicious interference with contract rights and Count IV, violation of due process protection of his property interest in continued employment.

Edgecomb's claims against the individual defendants were limited by various interlocutory rulings and Count I was separated from the rest of the action for initial decision by the court. Following review of the administrative record and briefs from the parties, the court affirmed the decision of the Board of Selectmen. Thereafter, the defendants filed a series of motions for partial summary judgment on the remaining counts asserting that the issues raised therein had been resolved against the plaintiff by the court's action on Count I. The court granted summary judgment in favor of the defendants on the remaining counts and Edgecomb appeals the court's judgment.

On appeal, Edgecomb asserts that the board erred in considering against him matters that the town was bound not to consider under article 9 of the collective bargaining agreement.[1] Edgecomb also contends that there was an absence of "just cause" for his discharge as required by article 9 and that he was denied the "strictly impartial hearing" guaranteed by article 10. Finally, Edgecomb argues that the court erroneously relied upon the doctrine of res judicata because its decision on Count I was not a final judgment under M.R.Civ.P. 54(b). The defendants counter each of Edgecomb's arguments and suggest, in the alternative, that the Superior Court should have dismissed as untimely Count I on the ground that judicial review pursuant to M.R.Civ.P. 80B should have been sought within 30 days of the town manager's decision.

We note at the outset that the parties have consistently confused the two discrete sources of Edgecomb's employment rights and the remedies available to him for violation of those rights. Either 30 M.R.S.A. § 2317(1)(N) or § 2361(1) (1978) protect Edgecomb from removal except for "cause."[2] Article 9 of the collective bargaining agreement protects him from removal except for "just cause." Both of the statutory provisions require a hearing prior to removal. Article 10 of the agreement provides for a grievance procedure culminating in a hearing before the selectmen, but the contract contains no provision for grievance arbitration. The circumstances of this case are similar to those in *Lewiston Fire Fighters Ass'n v. City of Lewiston*, 354 A.2d 154 (Me.1976), where we recognized the enforceability of both a statutory right to parity pay and a contractual right to parity pay. *Id.* at 163.

■ Our review of the record before us is controlled by the assertion of both parties at oral argument that the hearing before the selectmen was a part of the grievance procedure under the collective bargaining agreement. That being the case, Edgecomb has asserted his contractual rights rather than his statutory rights. The decision of the selectmen is, therefore, not subject to direct judicial review pursuant to M.R.Civ.P. 80B. *Cf. Maine School Admin. Dist. No. 5 v. M.S.A.D. No. 5 Teach. Assoc.*, 324 A.2d 308, 312–13 (Me. 1974) (Municipal Public Employees Labor Relations Law requires review of *interest* arbitration award pursuant to M.R.Civ.P. 80B but leaves *grievance* arbitration award subject to ordinary review pursuant to Uniform Arbitration Act). Regardless whether the manager or the board is the proper tribunal for the statutory hearing, the contract grievance procedure clearly requires review of the manager's decision by the board. Thereafter, Edgecomb may obtain judicial relief on proof of a breach of the collective bargaining agreement but he cannot obtain Rule 80B review of the administrative record resulting from the grievance hearing. Count I of the complaint should have been dismissed, not as untimely, but for failure to assert a claim upon which relief can be granted.

■ Because summary judgment was granted on the basis of the court's affirmance of the board pursuant to Rule 80B, we must vacate the judgment unless there exist other grounds favoring the defendants. There can be no doubt that the municipal officers would be immune from suit for the exercise of their quasi-judicial function in conducting the statutory hearing despite an allegation of actual malice. *McNally v. Mokarzel*, 386 A.2d 744 (Me.1978). We conclude that exactly the same policy considerations require the protection of these officers from suit as a result of the exercise of their quasi-judicial function in the contractual grievance procedure. *See id.*

---

1. Edgecomb argues, for example, that the Town was obligated by contract to consider as grounds for discharge only matters "stated in writing to the employee within 5 working days after the effective infraction becomes known to the Chief of Police."

2. Section 2317(1)(N) deals with the authority of the town manager to remove employees while section 2361(1) deals specifically with removal of police officers without specifying the removal authority. Although the parties disagree as to the applicability of section 2317(1)(N), we have no need to resolve the dispute.

at 747 n. 3. As a result, the judgment in favor of the individual defendants on Edgecomb's non-constitutional claims must be affirmed. Moreover, as we stated earlier, Edgecomb did not avail himself of the statutory, as opposed to the contractual, review procedures. He cannot now complain of any due process violation affecting his property interest in public employment. We affirm, therefore, the judgment in favor of the individual defendants on Edgecomb's claimed constitutional violation.

Because the town does not present an alternative basis for affirmance, we conclude that the court erred in granting a summary judgment on the alleged violation of the collective bargaining agreement. Accordingly, we vacate the judgment on Count II and remand to the Superior Court for further proceedings. We, of course, intimate no view as to the merits of that as yet untried claim.

The entry is:

Judgment in favor of individual defendants affirmed.

Judgment on Counts I and II in favor of Town of Limestone vacated.

Remanded for entry of judgment dismissing Count I and for further proceedings on Count II consistent with the opinion herein.