STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-493

GREGORY J. NISBET,

    Plaintiff

v.

HARP INVESTMENTS,
LLC, et al.,

    Defendants

ORDER ON DEFENDANT VANDELAY
ENTERPRISES, LLC'S MOTION TO
DISMISS AND REQUEST TO TAKE
JUDICIAL NOTICE

REC'D CUMB CLERKS OF
APR 30 '18 PM3:03

Before the court is defendant Vandelay Enterprises, LLC's request to take judicial notice and motion to dismiss pursuant to M.R. Civ. P. 12(b)(6)  For the following reasons, the request to take judicial notice is granted and the motion to dismiss is denied in part and granted in part.

REQUEST TO TAKE JUDICIAL NOTICE

Defendant Vandelay requests that the court take judicial notice of documents attached to the motion to dismiss as exhibits A and B.  The documents are certified copies of all filings made by Three Amigos, LLC and Vandelay Enterprises, LLC with the Bureau of Corporations Elections and Commissions of the Secretary of State for Maine.  Specifically, Vandelay requests that the court take judicial notice from these documents of the fact that Three Amigos, LLC was administratively dissolved by the Maine Secretary of State on August 18, 2014 and has not been reinstated and of the fact that Dan McCarron has been the sole member of Vandelay since the filing of its Certificate of Formation with the Bureau of Corporations Elections and Commissions of the Secretary of State for Maine on June 25, 2012 under the name Free Range Lobster, LLC.

1

Although plaintiff objects, the basis for the objection is unclear.[1] (Pl.'s Mem. 5.) Defendant Vandelay's request is granted. See M.R. Evid. 201(b)(2); (c)(2); Rodriguez-Teyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013).

Further, plaintiff does not challenge the authenticity of these documents. Accordingly, the court may consider defendant's exhibits without converting the motion to dismiss into a motion for summary judgment.[2] Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 11, 843 A.2d 43.

MOTION TO DISMISS

1. Allegations

On February 3, 2012, plaintiff, Gregory Nisbet, acting as a manager and member of Three Amigos, LLC,[3] executed and delivered a $250,000 note (the CRC note) to defendant Coastal Realty Capital, LLC, a/k/a Maine Capital Group (CRC). (Pl.'s Compl. ¶ 9.) Defendant Shawn Lyden is a member and a manager of CRC. (Pl.'s Compl. ¶ 10.) Plaintiff used the proceeds of the CRC note to buy out the other membership interests in Three Amigos. (Pl.'s Compl. ¶ 13.) The CRC note was secured by property owned by Three Amigos located at 125 Ocean Street, South Portland (the property). (Pl.'s Compl. ¶¶ 12, 14.)

In March 2014, plaintiff assigned a 99% membership interest in Three Amigos to defendant Harp Investments, LCC (Harp) in exchange for Harp's guarantee of new financing from Camden National Bank (the Harp transaction). (Pl.'s Compl. ¶¶ 17-19.) Plaintiff retained a 1% interest in Three Amigos and defendant Christina Lyden, Harp's sole member, manager of Harp, and wife of

---

[1] Plaintiff also suggests that the best course of action may be to move to amend the complaint. (Pl.'s Mem. 5.) No motion to amend has been filed as of this date.

[2] To the extent plaintiff requests the court take judicial notice of the many documents filed in conjunction with the motion for temporary restraining order, that request is denied. (Pl.'s Mem. 5.)

[3] Three Amigos has been administratively dissolved since August 18, 2014. (Def.'s Ex. A at 2.)

2

defendant Shawn Lyden, began serving as Three Amigos' managing member. (Pl.'s Compl. ¶¶ 2, 6, 20.)

As part of the Harp transaction, plaintiff, Three Amigos, and Harp entered into a repurchase agreement. (Pl.'s Compl. ¶ 24.) This agreement gave plaintiff the right to repurchase the 99% interest from Harp upon plaintiff's satisfaction of outstanding amounts due under the Camden note. (Pl.'s Compl. ¶¶ 25-26.) Plaintiff performed all his obligations under the repurchase agreement, including payment of all amounts due to Harp and Camden. (Pl.'s Compl. ¶¶ 28, 29.)

Acting through Ms. Lyden, Harp secured financing from Camden National and executed a $250,000 note. (Pl.'s Compl. ¶ 21.) The note was additionally secured by a guarantee from Three Amigos and a mortgage on the property. (Pl.'s Compl. ¶ 22.) The proceeds of the Camden note were used to pay the balance of the CRC note. (Pl.'s Compl. ¶ 23.)

In the summer of 2015, plaintiff informed defendants Harp, Ms. Lyden and Mr. Lyden of his intention to redeem Harp's 99% interest in Three Amigos. (Pl.'s Compl. ¶ 30.) These defendants ignored, avoided, refused, and obstructed plaintiff's repeated efforts to arrange for a closing on the 99% interest from Harp. (Pl.'s Compl. ¶ 31.) These defendants also refused to provide plaintiff with an accounting of the amounts owed under the repurchase agreement. (Pl.'s Compl. ¶ 31.)

In March 2017, plaintiff again attempted to exercise his rights under the repurchase agreement by scheduling a closing. (Pl.'s Compl. ¶ 32.) Defendants Lydens did not attend the closing and refused to communicate with plaintiff. (Pl.'s Compl. ¶ 33.)

In June 2017, defendant Vandelay purchased the Camden note and the mortgage on the 125 Ocean Street property from Camden National Bank (Vandelay transaction). (Pl.'s Compl. ¶ 38.) Defendant Shawn Lyden was the sole member of Vandelay at the time of this transaction.

3

(Pl.'s Compl. ¶ 38.) Immediately following the Vandelay transaction, Harp stopped making payments on the note to Vandelay in order to enable Vandelay to foreclose on the mortgage on the property. (Pl.'s Compl. ¶¶ 39-40.) On September 29, 2017, defendant Vandelay sent a notice of default and acceleration to plaintiff as well as to defendants Harp, Three Amigos, and Christine Lyden. (Pl.'s Compl. ¶ 41.) A power of sale auction for the Ocean Street property was held on October 27, 2017. (Pl.'s Compl. ¶ 43-45.) Due to defects in the power of sale notice, a new auction date was scheduled for December 19, 2017. (Pl.'s Compl. ¶ 47.)

On December 15, 2017, plaintiff filed a complaint against defendants Harp; Maine National Mortgage, a/k/a Maine National Mortgage, f/k/a Maine Capital Mortgage, LLC; CRC; Vandelay; Shawn Lyden, and Christine Lyden. In the complaint, plaintiff alleges twelve causes of action: count I, breach of contract (Harp); count II, breach of fiduciary duty (Harp and Ms. Lyden); count III, breach of duty of loyalty (Harp and Ms. Lyden); count IV, fraud or deceit (defendants); count V, participation in fraud, deceit, and breach of contract (the Lydens, CRC, Vandelay); count VI, conversion (CRC); count VII fraudulent transfer (the Lydens); count VIII, tortious interference (defendants); count IX, participation in breach of fiduciary duty (the Lydens, CRC, Vandelay); count X, aiding and abetting breach of fiduciary duty (Mr. Lyden, CRC, Vandelay); count XI, aiding and abetting breach of duty of loyalty (Mr. Lyden, CRC, Vandelay); and count XII, conspiracy (defendants). Defendant Vandelay is, therefore, named as a defendant on seven counts only: IV, V, VIII, IX, X, XI, and XII.

Defendant Vandelay filed a motion to dismiss on January 31, 2018. Plaintiff filed an objection to the motion to dismiss on March 6, 2018. Defendant Vandelay filed a reply to plaintiff's objection on March 14, 2018.

4

## 2. Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. The court accepts as true the factual allegations in the complaint and "do[es] not address the credibility, or the provability, of [the] allegations." Nadeau v. Frydrych, 2014 ME 154, ¶ 8, 108 A.3d 1254. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244. Generally, the allegations of a complaint are sufficient to support a claim for relief as long as they provide fair notice of the cause of action. Howe v. MMG Ins. Co., 2014 ME 78, ¶ 9, 95 A.3d 79. When a plaintiff alleges fraud, however, the circumstances constituting fraud must be stated with particularity. M.R. Civ. P. 9(b); Bean v. Cummings, 2008 ME 18, ¶¶ 11-12, 939 A.2d 676.

## 3. Discussion

### a. Count IV: Fraud

To establish a claim of fraud, a plaintiff must allege: (1) defendant made a false representation, (2) of a material fact, (3) with knowledge of its falsity or in reckless disregard of whether it was true or false, (4) for the purpose of inducing the plaintiff to act in reliance upon it, and (5) the plaintiff justifiably relied upon the representation as true and acted upon it to the plaintiff's damage. Barr v. Dyke, 2012 ME 108, ¶ 16, 49 A.3d 1280. A plaintiff alleging fraud

5

"must specify the time, place, and content of an alleged false representation." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009) (interpreting Fed. R. Civ. P. 9(b)).[*]

In count IV, fraud and deceit, plaintiff generally asserts that all defendants knowingly made false representations to plaintiff with the intent to deprive plaintiff of his property interests. (Pl.'s Compl. ¶¶ 96-97.) Plaintiff does not allege any specific false representation attributed to defendant Vandelay. Plaintiff argues that he was hampered in setting forth his direct claims against defendant Vandelay prior to conducting discovery. (Pl.'s Mem. 2.) "[I]n cases in which fraud *lies at the core of the action* the rule does not permit a complainant to file suit first, and subsequently to search for a cause of action." Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).

Plaintiff has not adequately identified the time, place, or content of any alleged false representation made by defendant Vandelay and, therefore, has not stated with particularity the circumstances constituting defendant Vandelay's alleged fraud. M.R. Civ. P. 9(b); United States ex rel. Gagne, 565 F.3d at 45. Plaintiff has failed to state a claim upon which relief can be granted against defendant Vandelay in count IV.

b. Count V: Participation in Fraud, Deceit and Breach of Contract

In count V, participation in fraud, deceit, and breach of contract, plaintiff alleges that defendant Vandelay participated in "fraudulent, deceitful, and inappropriate contractual conduct" committed by Harp[5] and that this participation constitutes "actual fraud, false pretenses, or conduct giving rise to contractual liability." (Pl.'s Compl. ¶ 101.) Plaintiff further asserts that Vandelay engaged in "actual and intentional acts of fraud and inappropriate contractual conduct." (Pl.'s

---

[*] The Law Court has held that M.R. Civ P. 9(b) and Fed. R. Civ. P. 9(b) are "practically identical." Bean, 2008 ME 18, ¶ 11, 939 A.2d 676.

[5] In count V, plaintiff alleges that Harp "made false representations to Mr. Nisbet." (Pl.'s Compl. ¶ 100.)

6

Compl. ¶ 102.) To the extent this claim alleges a direct claim of fraud against defendant Vandelay, the claim fails for the same reasons as stated above with regard to count IV.

Plaintiff alleges in count V that defendant Vandelay participated in Harp's conduct. The court construes this allegation as alleging conspiracy liability. See McNally v. Mokarzel, 386 A.2d 744, 748 (Me. 1978) ("conspiracy is . . . a rule of vicarious liability"). In order to hold a defendant vicariously liable for the tortious act of another there must be concerted action by the defendant and the third party "in pursuance of a common plan or design to commit [the] tortious act." Cohen v. Bowdoin, 288 A.2d 106, 111 (Me. 1972) (quoting Prosser, The Law of Torts, 259 (3rd. ed. 1964)). Ordinarily, a theory of liability based upon conspiracy would be subject to the pleading requirements of rule 8 but "in actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met." Hayduk, 775 F.2d at 443; accord Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996) (holding that allegations of working closely together and an awareness of the others conduct were insufficient to satisfy the requirements of Fed. R. Civ. P. 9(b)).

In this case, plaintiff has not sufficiently pled facts and circumstances regarding the formation of a conspiracy to commit fraud or the basis for his belief that such a conspiracy existed and involved defendant Vandelay. M.R. Civ. P. 9(b); Hayduk, 775 F.2d at 444. The complaint contains no factual allegations regarding how Vandelay participated with the other defendants in making a false representation or inducing plaintiff to rely on a false representation. Further, the existence of an agreement cannot be inferred from plaintiff's assertion that Ms. Lyden's husband, Mr. Lyden, is the sole member of Vandelay because plaintiff does not provide the basis for his information and belief. See id.; Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir.

7

1991) ("where allegations of fraud are explicitly or . . . implicitly based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief").

Further, in count V, plaintiff does not allege a direct claim against Vandelay for breach of contract. See Maine Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248. Plaintiff does not allege that defendant Vandelay was a party to the contract between plaintiff and Harp. Plaintiff's breach of contract claim against Harp cannot serve as an independent basis for conspiracy liability because it is not a tort claim. See Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell, 1998 ME 70, ¶ 8, 708 A.2d 283; Stull v. First Am. Title Ins. Co., 2000 ME 21, ¶ 18, 745 A.2d 975. Plaintiff has failed to state a claim upon which relief can be granted against defendant Vandelay in count V.

c. Count VIII: Tortious Interference

"Interference with an advantageous relationship requires the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference." Barnes v. Zappia, 658 A.2d 1086, 190 (Me. 1995). Plaintiff does not allege that defendant Vandelay engaged in intimidation. Plaintiff alleges that defendants interfered with plaintiff's rights or prospective economic advantage "by, among other things, executing and participating in the Foreclosure Conspiracy." (Pl.'s Compl. ¶ 120.) As discussed above, plaintiff has failed to state a claim for fraud against defendant Vandelay. Plaintiff, in count VIII, fails to state a claim for tortious interference against defendant Vandelay. See Barnes, 658 A.2d at 190; Sherbert v. Remmel, 2006 ME 116, ¶ 4 n.3, 908 A.2d 622 (reciting the elements of fraud that must be proven in a fraudulent interference case).

d. Counts IX, X, XI: Breach of Fiduciary Duty and Breach of Duty of Loyalty

8

In counts IX, X, and XI, plaintiff alleges, respectively, that defendant Vandelay has participated in Harp's breaches of fiduciary duties owed to plaintiff; aided and abetted Ms. Lyden and Harp in breaching their fiduciary duties owed to plaintiff, Three Amigos, and its creditors; and aided and abetted Ms. Lyden and Harp in breaching their duties of loyalty and good faith owed to plaintiff, Three Amigos, and its creditors. (Pl.'s Compl. ¶¶ 123, 132, 139.)

Creditor-debtor and mortgagee-mortgagor relationships do not impose fiduciary duties. First NH Banks Granite State v. Scarborough, 615 A.2d 248, 250 (Me. 1992); Camden Nat'l Bank v. Crest Constr., Inc., 2008 ME 113, ¶ 15, 952 A.2d 213. Plaintiff does not allege that defendant Vandelay possessed superior knowledge upon which plaintiff relied. See Crest Contr., Inc., 2008 ME 113, ¶¶ 13-14, 16, 952 A.2d 213. Accordingly, plaintiff has failed to state a claim for breach of fiduciary duties Vandelay owed to plaintiff. See id.

The court interprets plaintiff's allegations in counts IX, X, and XI, however, as claims that Vandelay participated in a conspiracy to breach fiduciary duties and duties of loyalty owed to plaintiff by other defendants. See Cohen, 288 A.2d at 111-12 ("All those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him."); Ricci v. Bernstein, No. CV-84-1310, 1988 Me. Super. LEXIS 287, at *2 (Nov. 21 1988).

Defendant Vandelay seeks to dismiss plaintiff's fiduciary duty claims on the ground that plaintiff has not pled the elements of civil conspiracy with the particularity required for allegations of fraud. Plaintiff's fiduciary duty claims are not based solely on fraud. see e.g. (Pl.'s Compl. ¶¶ 62, 71-72, 130, 137, 142.) Accordingly, the requirements of rule 9(b) are inapplicable to plaintiff's fiduciary duty claims. See M.R. Civ. P. 9(b). Nevertheless, when alleging a claim for breach of

9

fiduciary duty, plaintiff "must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship." Bryan R. v. Watchtower Bible & Tract Soc'y, Inc., 1999 ME 144, ¶ 21, 738 A.2d 839.

In this case, plaintiff alleges that, due to her status as a manager of Three Amigos, Ms. Lyden owed fiduciary duties to Three Amigos, its creditors, and its members. (Pl.'s Compl. ¶¶ 58, 80.) Taken in the light most favorable to the plaintiff, this factual assertion could give rise to a fiduciary relationship. See 31 M.R.S. § 1559(1), (3) (2017). Plaintiff alleges that Harp had a fiduciary duty to Three Amigos, its creditors, and its members because of Harp's status as a member of Three Amigos. (Pl.'s Compl. ¶ 58, 81.) Standing alone, membership in an LLC does not give rise to a fiduciary duty. 31 M.R.S. § 1559(3). Plaintiff does not allege any other facts that, in conjunction with Harp's status as a member of Three Amigos, could give rise to a fiduciary relationship. See 31 M.R.S. § 1521(3)(A). Accordingly, plaintiff has not alleged with sufficient particularity facts that, if true, could give rise to a fiduciary relationship between Harp and plaintiff. See Bryan R., 1999 ME 144, ¶ 21, 738 A.2d 839; 31 M.R.S. §§ 1521(3), 1559(3).

Because plaintiff has failed to allege properly that Harp owes plaintiff any fiduciary obligations, he has failed to state a claim for relief premised on Harp's breaches of fiduciary duties. See Bryan R., 1999 ME 144, ¶¶ 22-24, 738 A.2d 839. Accordingly, plaintiff also fails to state a claim in Count IX, in which plaintiff alleges Vandelay's participation in Harp's breaches of fiduciary obligations as the basis of conspiracy liability.

Unlike in count IX, plaintiff in counts X and XI also alleges Ms. Lyden's breaches of fiduciary duties as an independent basis for defendant Vandelay's conspiracy liability. In counts X and XI, plaintiff alleges the existence of a plan to enable defendant Vandelay to foreclose on the

10

property, that in furtherance of this plan Ms. Lyden breached fiduciary duties owed to plaintiff, that defendant Vandelay had knowledge of these breaches, and that defendant Vandelay provided aid and assistance with respect to these breaches. (Pl.'s Compl. ¶¶ 40, 60, 61, 62, 131-32, 138-39, 142.) Defendant Vandelay does not challenge the sufficiency of these allegations pursuant to M.R. Civ. P. 8. Accordingly, in counts X and XI, plaintiff has stated claims upon which relief can be granted. See Cohen, 288 A.2d at 111-12; 31 M.R.S. § 1559(1); see also Rosenthal v. Rosenthal, 543 A.2d 348, 352 (Me. 1988) (defining the fiduciary obligations, including the duties of care and loyalty, that are owed by a corporate director and partners in a partnership).

Defendant Vandelay argues finally that plaintiff may not assert a derivative claim on behalf of Three Amigos. Three Amigos has been administratively dissolved since the inception of plaintiff's lawsuit. (Def.'s Ex. A at 2.) As a matter of law, plaintiff is barred from pursuing claims on behalf of Three Amigos. See Beaudry v. Harding, 2014 ME 126, ¶¶ 8-9, 104 A.3d 134. Plaintiff also lacks standing to pursue claims based on breaches of fiduciary duties owed to creditors of Three Amigos. See Stull, 2000 ME 21, ¶ 17, 745 A.2d 975. Accordingly, the only claims plaintiff may pursue in counts IX, X and XI are direct claims for breaches of duties owed to him personally.

  e. Count XII: Conspiracy

Plaintiff, in count XII, appears to assert an independent claim for civil conspiracy. "In Maine, conspiracy is not a separate tort but rather a rule of vicarious liability." McNally v. Mokarzel, 386 A.2d 744, 748 (Me. 1978). "[A]bsent the commission of some independently recognized tort, a claim for civil liability for conspiracy fails." Potter, Prescott, Jamieson & Nelson, P.A., 1998 ME 70, ¶ 8, 708 A.2d 283.

As the basis of conspiracy liability, plaintiff points to his independent claims alleging fraud, breach of contract, breach of fiduciary duty, breaches of the duty of loyalty, and other actions with

11

respect to the self-interested dealings. (Pl.'s Compl. ¶ 142.) As discussed above, plaintiff has adequately stated a conspiracy claim alleging breach of fiduciary duty. Plaintiff's claims with respect to the self-interested dealings are duplicative of his claims for breach of fiduciary duties. See In re Estate of Stowell, 595 A.2d 1022, 1023 (Me. 1991) (holding that self-dealing constituted a breach of fiduciary duties). As discussed above, plaintiff has failed to state a claim for conspiracy based upon either the fraudulent conduct of the other defendants or the breach of a contract between plaintiff and Harp. Because plaintiff's fiduciary duty claims furnish an adequate basis for the conspiracy claim alleged in count XII, defendant Vandelay's motion to dismiss count XII is denied.

4. Conclusion

For the foregoing reasons, defendant's motion to dismiss counts IV, V, VIII, and IX is granted and defendants motion to dismiss counts X, XI, and XII is denied-in-part and granted-in-part.

The entry is

> Defendant Vandelay Enterprises, LLC's Motion to Dismiss Plaintiff's Complaint is GRANTED in Part and DENIED in Part as follows: Counts IV, V, VIII, and IX are DISMISSED. Plaintiff's claims in Counts X and XI that Defendant Vandelay breached fiduciary duties owed to Plaintiff, Three Amigos, LLC and its creditors are DISMISSED. The remainder of the Motion to Dismiss is DENIED.

Date: April 26, 2018

Nancy Mills
Justice, Superior Court

12