STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & COUNSUMER DOCKET
DOCKET NO. BCD-CV-18-20

GREGORY NISBET )
)
    Plaintiff, )
)
v. )    **ORDER ON DEFENDANT HARP**
)    **INVESTMENT, LLC'S, MOTION TO**
HARP INVESTMENTS, LLC, )    **DISMISS**
VANDELAY ENTERPRISES, LLC, )
COASTAL REALTY CAPITAL LLC, )
SHAWN LYDEN, and CHRISTINE )
LYDEN. )
)
    Respondent. )
)

Before the court is a Rule 12(b)(6) motion to dismiss filed by defendants Harp Investments, LLC ("Harp"), Coastal Realty Capital LLC ("CRC"), Shawn Lyden, and Christine Lyden, collectively, the "Harp Defendants." For the following reasons, the motion is granted-in-part and denied-in-part.

Facts

On February 3, 2012, plaintiff Gregory Nisbet acting as a manager and member of Three Amigos, LLC, executed and delivered a $250,000 note (the "CRC note") to defendant CRC. (Pl.'s Compl. ¶ 9.) At the time of the loan, Shawn Lyden was a member and a manager of CRC. (Pl.'s Compl. ¶¶ 3, 10). Plaintiff used the proceeds of the CRC note to buy out the other membership interests in Three Amigos. (Pl.'s Compl. ¶ 13.) The CRC note was secured by property owned by Three Amigos located at 125 Ocean Street, South Portland ("the property"). (Pl.'s Compl. ¶¶ 12, 14.)

1

In March 2014, plaintiff assigned a 99% membership interest in Three Amigos to defendant Harp Investments, LCC ("Harp") in exchange for Harp's guarantee of new financing from Camden National Bank (the "Harp transaction"). (Pl.'s Compl. ¶¶ 17-19.) Plaintiff retained a 1% interest in Three Amigos and defendant Christina Lyden, Harp's sole member and wife of defendant Shawn Lyden, began serving as Three Amigos' managing member. (Pl.'s Compl. ¶¶ 2, 6, 20.)

Acting through Christina Lyden, Harp secured financing from Camden National and executed a $250,000 note. (Pl.'s Compl. ¶ 21.) The note was additionally secured by a guaranty from Three Amigos and a mortgage on the property. (Pl.'s Compl. ¶ 22.) The proceeds of the Camden note where used to pay the balance of the CRC note. (Pl.'s Compl. ¶ 23.)

As part of the Harp transaction, plaintiff, Three Amigos, and Harp entered into a repurchase agreement. (Pl.'s Compl. ¶ 24.) This agreement gave plaintiff the right to repurchase the 99% interest from Harp upon plaintiff's satisfaction of outstanding amounts due under the Camden note. (Pl.'s Compl. ¶¶ 25-26.) Plaintiff performed all his obligations under the repurchase agreement, including payment of all amounts due to Harp and Camden. (Pl.'s Compl. ¶¶ 28, 29.)

In the summer of 2015, plaintiff informed defendants Harp, Christine Lyden and Shawn Lyden of his intention to redeem Harp's 99% interest in Three Amigos. (Pl.'s Compl. ¶ 30.) These defendants ignored, avoided, and obstructed plaintiff's efforts to arrange for a closing on the 99% interest from Harp. (Pl.'s Compl. ¶ 31.) These defendants also refused to provide plaintiff with an accounting of the amounts owed under the repurchase agreement. (Pl.'s Compl. ¶ 31.)

2

In March 2017, plaintiff again attempted to exercise his rights under the repurchase agreement by scheduling a closing. (Pl.'s Compl. ¶ 32.) However, neither defendant Shawn Lyden nor defendant Christine Lyden attended the closing. (Pl.'s Compl. ¶ 33.) Thereafter, both Shawn and Christine Lyden refused to communicate with plaintiff. (Pl.'s Compl. ¶ 33.)

In June 2017, defendant Vandelay purchased the Camden note and the mortgage on the 125 Ocean Street property from Camden National Bank (Vandelay transaction). (Pl.'s Compl. ¶ 38.) Defendant Shawn Lyden was the sole member of Vandelay at the time of this transaction.[1] (Pl.'s Compl. ¶ 38.) Immediately following the Vandelay transaction, Harp stopped making payments on the note to Vandelay in order to enable Vandelay to foreclose on the mortgage on the property.[2] (Pl.'s Compl. ¶¶ 39-40.) On September 29, 2017, defendant Vandelay sent a notice of default and acceleration to plaintiff as well as to defendants Harp, Three Amigos, and Christine Lyden. (Pl.'s Compl. ¶ 41.) A power of sale auction for the Ocean Street property was held on October 27, 2017. (Pl.'s Compl. ¶ 43-45.) Due to defects in the power of sale notice, a new auction date was scheduled for December 19, 2017.[3] (Pl.'s Compl. ¶ 47.)

On December 15, 2017, plaintiff filed a complaint against defendants Harp, CRC, Vandelay, Shawn Lyden, and Christine Lyden. The complaint alleges twelve causes of action: count I, breach of contract; count II, breach of fiduciary duty; count III, breach of duty of loyalty; count IV, fraud or deceit; count V, participation in fraud, deceit, and breach of

---

[1] In his opposition, plaintiff states that Daniel McCarron is the sole member of Vandelay and that ¶ 38 mistakenly identifies Shawn Lyden as the sole member of Vandelay. Plaintiff also asserts that McCarron is a manager and officer of CRC. However, Plaintiff has not moved to amend his complaint.

[2] Plaintiff refers to this as the "foreclosure conspiracy."

[3] Because the complaint was filed before the schedule date of the auction and because no amended complaint has been filed, it is uncertain what the results of the auction were.

3

contract; count VI, conversion; count VII, fraudulent transfer; count VIII, tortious interference; count IX, participation in breach of fiduciary duty; count X, aiding and abetting breach of fiduciary duty; count XI, aiding and abetting breach of duty of loyalty; and count XII, conspiracy.

On January 31, 2018, defendant Vandelay filed a motion to dismiss counts IV, V, VIII, IX, X, XI, and XII. On April 26, 2018, the Superior Court (Mills, J.) granted-in-part and denied-in-part Vandelay's motion, resulting in a dismissal of counts IV, V, VIII, and IX against Vandelay.

On August 8, 2018, the Harp Defendants filed a motion to dismiss. In their motion the Harp Defendants seek to dismiss counts II, III, IV, V, VIII, IX, X, XI, and XII.

Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 3, 759 A.2d 217. The court accepts as true the factual allegations in the complaint and "do[es] not address the credibility, or the provability, of [the] allegations." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 8, 108 A.3d 1254. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244. Generally, the allegations of a complaint are sufficient to support a claim for relief so long as they provide fair notice of the cause of action. *Howe v. MMG Ins. Co.*, 2014 ME 78, ¶ 9, 95 A.3d 79.

4

However, when a plaintiff makes an averment of fraud, the circumstances constituting fraud must be stated with particularity. M.R. Civ. P. 9(b); *Bean v. Cummings*, 2008 ME 18, ¶ 11, 939 A.2d 676.

Discussion

As a threshold matter, plaintiff argues that the motion to dismiss is procedurally improper and that the motion to dismiss should be treated as a motion for summary judgment. Specifically, plaintiff argues that, because defendants have already filed a responsive pleading, the proper rule to seek relief is 12(c) not 12(b)(6).[4] Plaintiff argues that when documents outside the pleadings are referred to, a Rule 12(c) motion must be treated as a Rule 56 motion. In this case, plaintiff argues that the defendants have referred to the Three Amigos' operating agreement, which was not attached to the complaint.

While it is true that defendants refer to the complaint's failure to allege that the operating agreement expands a member's fiduciary obligations, the defendants do not actually cite or refer to the provisions of the operating agreement. In other words, defendants are merely pointing out a deficiency in the complaint, they are not referring to material outside the complaint. Accordingly, defendants have not referred to an extrinsic document which would require converting defendant's motion to dismiss into one for summary judgment.[5]

---

[4] Plaintiff does concede that defendants could properly bring a Rule 12(c) motion at this juncture.

[5] Because plaintiff claims that Harp's fiduciary obligations stem from its status as a member in Three Amigos, the Three Amigos' operating agreement would likely be central to plaintiff's claim and therefor properly considered without converting defendants' motion into one for summary judgment. *See Moody v. State Liquor & lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43.

5

<u>Counts II and III (Breach of Fiduciary Duty and Breach of Duty of Loyalty)</u>

Count II alleges that both Harp and Christine Lyden breached their fiduciary duties owed to Three Amigos, Three Amigos's creditors, and plaintiff. Count III alleges that both Harp and Christine Lyden breached their fiduciary duty of loyalty owed to Three Amigos, Three Amigos' creditors, and plaintiff. The Harp Defendants seek dismissal only of counts II and III against Harp; they do not seek dismissal of counts II and III against defendant Christine Lyden.

In their motion to dismiss, the Harp defendants argue that the complaint does not sufficiently allege the source of Harp's fiduciary duties to plaintiff.

When alleging a claim for breach of fiduciary duty, a plaintiff "must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship." *Bryan R. v. Watchtower Bibl & Tract Soc'y, Inc..*, 1999 ME 144, ¶ 21, 738 A.2d 839. A member of an LLC who is not involved in managing the LLC does not, solely by virtue of being a member, owe a fiduciary duty to the LLC or to any other members. 31 M.R.S. § 1559(3). Although an LLC operating agreement can impose fiduciary duties on members, 31 M.R.S. § 1521(3), plaintiff's complaint does not allege that the Three Amigos operating agreement imposes such duties. Accordingly, plaintiff's complaint fails to allege facts which, if true, would establish that, as a member of Three Amigos, Harp owed plaintiff a fiduciary duty.

Similarly, the complaint does not allege facts which establish any other basis for finding that Harp owes plaintiff a fiduciary duty. At common law, a fiduciary relationship exists where there is "(1) the actual placing of trust or confidence in fact by one party in another, and (2) a

6

great disparity of position and influence between the parties at issue." *Bryan R.*, 1999 ME 144, ¶ 19, 738 A.2d 839 (quotations omitted). Plaintiff argues the complaint establishes that Harp owes fiduciary duties to Three Amigos because of Harp's status as a creditor and because the duty of loyalty and good faith is implied in every LLC agreement.

"Standing alone, a creditor-debtor relationship does not establish the existence of a confidential relationship." *Stewart v. Machias Sav. Bank*, 2000 ME 207, ¶ 11, 762 A.2d 44. In order to establish a fiduciary relationship with Harp, plaintiff's complaint must allege facts which demonstrate a "diminished emotional or physical capacity or . . . . the letting down of all guards and bars." *Id.* (quotation omitted). Plaintiff's complaint does not allege, nor do the allegations support an inference, that plaintiff had a diminished emotional or physical capacity or had let down all guards and bars at the time he formed his relationship with Harp.

Neither does plaintiff's reliance on the implied covenant of good faith and fair dealing establish that Harp owed plaintiff fiduciary duties. The implied covenant is a contractual term of all LLC operating agreements and does not create fiduciary duties. *See Bruno v. Commercial Union Ins. Co.*, No. CV-90-888, 1993 Me. Super. LEXIS 104, at *14 (June 15, 1993). Moreover, because the covenant of good faith and fair dealing is a contractual term, any damages resulting from breach of that covenant may be pursued in plaintiff's breach of contract claim.

Accordingly, plaintiff has not alleged specific facts which, if true, would establish a fiduciary relationship between Harp and plaintiff. Plaintiff's counts II and III are therefore dismissed as to Harp.

7

Count IV (Fraud)

To establish a claim of fraud, a plaintiff must allege: (1) the defendant made a false representation, (2) of a material fact, (3) with knowledge or reckless disregard of its falsity, (4) for the purpose of inducing the plaintiff to act in reliance upon it, and (5) the plaintiff justifiably relied upon the representation as true and acted upon it to the plaintiff's detriment. Barr v. Dyke, 2012 ME 108, ¶ 16, 49 A.3d 1280.

The Harp Defendants argue that plaintiff's complaint fails to allege with sufficient particularity what misrepresentations defendants made to plaintiff. Specifically, defendants argue that there is no detail regarding the time, place, or content of the alleged misrepresentations. *See United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 45 (1st Cir. 2009) (stating that a plaintiff alleging fraud "must specify the time, place, and content of an alleged false representation").[6] Additionally, defendants argue that the complaint does not allege that plaintiff relied on any false representations made by defendants Shawn Lyden, Christine Lyden, or CRC.

In his complaint, plaintiff alleges that Harp never intended to honor its promises to re-convey the 99% interest to plaintiff and that its representation that it would re-convey this interest was false. (Pl.'s Compl. ¶¶ 92, 94.) The complaint further alleges that this representation was material to plaintiff's decision to agree to the Harp Transaction, that plaintiff's reliance on this representation was justifiable, and that the representation was made to induce plaintiff to agree to the Harp Transaction. (Pl.'s Compl. ¶¶ 93, 95.) The complaint also spells out the details of the Harp Transaction. (Pl.'s Compl. ¶¶ 17-27.) Accordingly, the

---

[6] This case was cited by the Superior Court in its April 26, 2018 Order on defendant Vandelay's motion to dismiss.

8

plaintiff's complaint states a claim for Fraud against defendant Harp. *See* Barr v. Dyke, 2012 ME 108, ¶ 16, 49 A.3d 1280; M.R. Civ. P. 9(b).

Contrary to defendant Harp, the complaint only contains general allegations that defendants Shawn Lyden, Christine Lyden, and CRC made false representations to plaintiff. The complaint does not state the content of those representations. Although the complaint does allege that Christine Lyden is the sole member of Harp and that Harp was acting through Christine, plaintiff does not argue, and the complaint does not specifically allege, that his claim for Fraud against Christine is based upon a claim of piercing the corporate veil. Accordingly, the complaint fails to state a claim for fraud against Shawn Lyden, Christine Lyden, or CRC. *See* Barr v. Dyke, 2012 ME 108, ¶ 16, 49 A.3d 1280; M.R. Civ. P. 9(b).

### Count VIII (Tortious Interference)

"Interference with an advantageous relationship requires the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference." Barnes v. Zappia, 658 A.2d 1086 (Me. 1995).

In this case, plaintiff's complaint does not allege that defendants engaged in intimidation.[7] In their motion, defendants argue that plaintiff has not alleged fraud with sufficient particularity and therefore cannot establish the element of fraud necessary for his tortious interference claim. Plaintiff argues the complaint sufficiently alleges interference

---

[7] Although he admits that he doesn't specifically allege that the defendants engaged in intimidating behavior, plaintiff argues that, given the entirety of the allegations, the complaint alleges tortious interference by intimidation. Despite this argument, plaintiff does not provide any further clarification regarding the manner of defendants' purported intimidation. Nor does plaintiff's complaint allege facts showing that defendants engaged in unlawful coercion or extortion. *See Rutland v. Mullen*, 2002 ME 98, ¶ 16, 798 A.2d 1104.

through fraud committed by Harp. Plaintiff also argues the complaint alleges that his damages were proximately caused by the Harp Defendant's refusal to provide an accounting, refusal to allow plaintiff to repurchase the 99% interest in Three Amigos, and their involvement in the foreclosure conspiracy.

As discussed above, plaintiff's complaint fails to state a claim for fraud against defendants Shawn Lyden, Christine Lyden or CRC. Accordingly, plaintiff's complaint also fails to state a claim against those defendants for tortious interference. M.R. Civ. P. 9(b). Further, the fraud committed by Harp concerns the inducement of the contract and not its breach. In order to establish a claim for tortious interference, the fraud must interfere with an existing contract that would have continued but for the wrongful interference. *June Roberts Agency v. Venture Props.*, 676 A.2d 46, 50 (Me. 1996). In this case, plaintiff had not entered into the repurchase agreement at the time Harp made the fraudulent misrepresentation that it would abide by the terms of the repurchase agreement. Moreover, but-for Harp's misrepresentation, plaintiff would not have entered into the contract. Therefore, the fraud allegedly committed by Harp cannot be used to establish the element of fraud necessary to establish plaintiff's claim for tortious interference. Accordingly, plaintiff's count VIII is dismissed in its entirety.

### Counts V, IX, X, XI and XII (Conspiracy)

Plaintiff's Count V alleges a claim against Christine Lyden, Shawn Lyden, and CRC for their participation in Harp's fraud, deceit, and breach of contract.[8] Count IX alleges a claim against Christine Lyden, Shawn Lyden, and CRC for their participation in Harp's breaches of

---

[8] Count V also names Vandelay as a defendant. However, Vandelay was dismissed from this count in the Superior Court's April 2018 order.

10

fiduciary duties.[9] Counts X and XI respectively allege claims against Shawn Lyden, CRC, and Vandelay for aiding and abetting breaches of Harp's and Christine Lyden's fiduciary duty and duty of loyalty.[10] Count XIII alleges that all defendants engaged in a conspiracy to participate in fraud, breach of contract, breach of fiduciary duty, and breach of the duty of loyalty.

"In Maine, conspiracy is not a separate tort but rather a rule of vicarious liability." *McNally v. Mokarzel*, 386 A.2d 744, 748 (Me. 1978). "[A]bsent the commission of some independently recognized tort, a claim for civil liability for conspiracy fails." *Potter, Prescott, Jamieson & Nelson, P.A.*,1998 ME 70, ¶ 8, 708 A.2d 283. Because counts V, IX, X, XI and XII seek to hold each defendant liable for the conduct of another, the Court treats these counts as seeking relief on a theory of vicarious liability.

Because breach of contract is not a tort, claims against any defendant for their alleged participation in a conspiracy to commit breach of contract must be dismissed. *Id.* Similarly, because plaintiff's complaint does not state a claim against Harp for breach of fiduciary duties, the complaint also fails to state a claim against the remaining defendants for those defendants' participation in Harp's breach of fiduciary duties. *Id.* Accordingly, count IX is dismissed in its entirety.

Where fraud lies at the core of a conspiracy claim, the allegations of the conspiracy must meet the heightened pleading requirements of Rule 9(b). *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985); M.R. Civ. P. 9(b). In counts V and XII, plaintiff alleges only that the defendants engaged in agreements to participate in the fraud committed by Harp. (Pl.'s Compl. ¶¶ 101, 142.) Plaintiff does not allege facts and circumstances showing how Christine Lyden,

---

[9] Vandelay was similarly dismissed from count IX in April 2018.
[10] Vandelay was not dismissed from counts X or XI.

11

Shawn Lyden, or CRC furthered Harp's commission of fraud. *See Cohen v. Bowdoin*, 288 A.2d 106, 111-12 (Me. 1972) (stating that "all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him"). Because of this failure, plaintiff's complaint does not allege the existence of a conspiracy to commit fraud with particularity required by Rule 9(b). *Hayduk*, 775 F.2d at 443; M.R. Civ. P. 9(b).

For the foregoing reasons, plaintiff's claims for relief based on Harp's fraudulent conduct, Harp's breach of fiduciary duties, and Harp's breach of contract are dismissed. Accordingly, Counts V and IX arc dismissed in their entirety. However, the Harp defendants do not dispute that the complaint adequately alleges that they are vicariously liable for their participation in Christine Lyden's alleged breaches of her fiduciary duties.[11] (Def.'s Opp. at 9-10.) Therefore, counts X, XI and XII are dismissed except to the extent that these counts seek to hold the Harp defendants vicariously liable for Christine Lyden's breach of fiduciary duties.

Conclusion

Plaintiff's counts II and III are dismissed as to Defendant Harp. Count IV is dismissed as to defendants Christine Lyden, Shawn Lyden, and CRC. Count V is dismissed in its entirety. Count VIII is dismissed in its entirety. Count IX is dismissed in its entirety. Counts X, XI, and

---

[11] Counts X, XI and XII are duplicative in that they all seek relief for defendant's participation in Christine Lyden's breaches of her fiduciary duties. Although plaintiff's count's X and XI seek relief for defendants' "aiding and abetting" the court should construe them as alleging conspiracy liability due to the fact that the seek to hold defendant's vicariously liable for the conduct of another. Additionally, plaintiff's complaint contains different counts for breach of fiduciary duty and breach of the duty of loyalty, *see* Pl.'s Compl. Counts X & XI. However, the duty of loyalty is a fiduciary duty. Accordingly, plaintiff's allegations concerning breaches of the duty of loyalty should not be considered as a separate count for relief but instead as a theory of proving breach of fiduciary duty.

12

XII are dismissed except to the extent that it alleges defendants are vicariously liable for Christine Lyden's breach of fiduciary duty.

The Entry is:

Defendant Harp Investment, LLC's, Coastal Realty Capital, LLC's, Shawn P. Lyden's, and Christine L. Lyden's Motion to Dismiss is Granted-in-Part and Denied-in-Part.

Date:_____12/4/18_____

_____
**Superior Court Justice**

This order is to be incorporated on the docket for this case by reference.

Entered on the Docket: 12/4/18
Copies sent via Mail___Electronically ✓

13