MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2014 ME 78
Docket:       Yor-13-529
Argued:       May 15, 2014
Decided:      June 17, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

JANET HOWE et al.

v.

MMG INSURANCE COMPANY

MEAD, J.

[¶1]  Janet Howe and Rajesh Mandekar (collectively Howe) appeal from a judgment entered by the Superior Court (York County, *O'Neil, J.*) declaring that MMG Insurance Company (MMG) has no duty to defend in a suit filed against them by the River Knoll Farms Condominium Association (Association).  MMG argues, and the trial court agreed, that a policy issued to Howe by MMG does not provide coverage because the Association's suit seeks only equitable relief.  Howe asserts that the suit also seeks money damages, which would potentially be covered by the MMG policy.  Because we conclude that the facts that might be proved at trial potentially fall within the coverage provided by Howe's policy, MMG has a duty to defend Howe.  Accordingly, we vacate the judgment.

2

## I. BACKGROUND

[¶2]   Howe owns one of four condominiums in the River Knoll Farms Condominium in Kittery.  In April 2013, the Association sued Howe, alleging, in the counts at issue here, (1) nuisance, (2) negligence, and (3) a violation of 7 M.R.S. § 3952 (2013) (Keeping a Dangerous Dog).  All three counts arose primarily from the conduct of Howe's dog.

[¶3]   MMG, which had issued a homeowner's policy to Howe, declined to defend her in the litigation on the ground that the Association's complaint alleged that Howe's dog was a nuisance, not that it caused any "bodily injury" or "property damage," and therefore the complaint sought only equitable relief not covered by the policy.  In July 2013 Howe filed a complaint against MMG in the Superior Court, seeking a declaratory judgment requiring MMG to defend her as required by the policy.  After MMG answered with a general denial, Howe moved for a judgment on the pleadings pursuant to M.R. Civ. P. 12(c).[1]  Following a hearing, the court entered a judgment for MMG, finding that (1) the nuisance count of the Association's complaint sought only injunctive relief not covered by Howe's policy; (2) the negligence count made no claim that Howe's dog caused bodily

---

[1]   Maine Rule of Civil Procedure 12(c) provides, in part, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

injury or property damage, and therefore failed to allege the elements of the tort; and (3) no private right of action is provided by 7 M.R.S. § 3952.

[¶4] This appeal followed.

## II. DISCUSSION

[¶5] We review a Rule 12(c) judgment on the pleadings de novo. *Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 8, 36 A.3d 876. The MMG policy is likewise interpreted de novo, and "any ambiguity in the policy regarding [MMG's] duty to defend is resolved against [MMG]." *Id.* ¶¶ 8, 11.

[¶6] An insurer's duty to defend is broad. We recently reiterated that the duty "is triggered if the complaint tendered contains any allegations that, if proved, could fall within the coverage afforded by the policy. . . . [I]f the complaint—read in conjunction with the policy—reveals a mere *potential* that the facts may come within the coverage, then the duty to defend exists." *Cox v. Commonwealth Land Title Ins. Co.*, 2013 ME 8, ¶ 9, 59 A.3d 1280 (emphasis in original) (citation omitted). Furthermore, "where the events giving rise to the complaint *may be shown at trial* to fall within the policy's coverage, an insurer must provide the policyholder with a defense. An insurer may have a duty to defend even against a complaint that could not survive a motion to dismiss." *Mitchell*, 2011 ME 133, ¶ 10, 36 A.3d 876 (emphasis added) (citation and quotation marks omitted).

4

[¶7]   The complaint here generally alleges that Howe is "the owner[] of a dog that is vicious, threatening, and has bitten people.  At all relevant times [she] had control over the dog . . . ."  Count I specifically asserts that Howe's actions "regarding . . . [her] vicious dog . . . constitute a nuisance.  The property and other rights of the members of the Association have been substantially affected and interfered with."  Howe asserts in her brief that it might be shown at trial that the dog "had scratched, bitten, and otherwise damaged" Association property, thus establishing a claim for property damage.  Count I requests injunctive relief, but also requests "damages, interest, penalties, costs, and [attorney] fees."

[¶8]   The negligence claim (Count III) likewise centers on the conduct of Howe's dog.  The complaint's general allegations include an assertion that the dog "is vicious, threatening, and has bitten people," and that Howe "failed to control the dog."  The allegation that the dog has "bitten people"—possibly fellow unit owners, because the statutory count (Count V) alleges that "unit owners have been assaulted" by the dog—outlines a claim of bodily injury for which Howe might be answerable to the Association, depending on the facts developed as the case proceeds.  *See* 33 M.R.S. § 1603-102(4) (2013) (providing that the Association is empowered to bring litigation "on behalf of itself or 2 or more unit owners on matters affecting the condominium").  Like the nuisance claim, the negligence count seeks as relief "damages, plus reasonable [attorney] fees, costs and interest."

[¶9]  We do not express any opinion as to whether the Association's claims will ultimately succeed, or even whether they will survive until trial as this case proceeds through discovery and possible dispositive motions.  We do note, as we have before, that "Maine is a notice pleading state," *Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶ 16, 997 A.2d 741, and that the "notice pleading standard . . . [is] forgiving," meaning that a complaint need only "give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief," and then make a demand for that relief.  *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶¶ 16, 21, 19 A.3d 823 (citations and quotation marks omitted); M.R. Civ. P. 8(a).  The "complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief."  *Burns*, 2011 ME 61, ¶ 17, 19 A.3d 823 (quotation marks omitted).

[¶10]  Accordingly, even if a complaint's claims are initially stated in general terms, *see id.* ¶ 21, so long as the complaint, read broadly in conjunction with the policy, "reveals a mere *potential* that the facts may come within the coverage, then the duty to defend exists."  *Cox*, 2013 ME 8, ¶ 9, 59 A.3d 1280. Here, reviewing the complaint in light of the liberal notice-pleading standard, facts

could be developed at a trial on the Association's complaint, as currently drafted, that would support claims potentially falling within the coverage of the policy. Accordingly, MMG has a duty to defend Howe against them.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs and at oral argument:**

Patrick S. Bedard, Esq., Bedard & Bobrow, P.C., Eliot, for appellants Janet Howe et al

Matthew T. Mehalic, Esq., Norman, Hanson & DeTroy, LLC, Portland, for appellee MMG Insurance Company