STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                             Civil Action
                                                            Docket No. RE-22-79


FRANK G. DEWOLFE, JR. AND          )
SERINA M. DEWOLFE,                 )
                                   )
            Plaintiffs,            )        **ORDER ON PLAINTIFFS' MOTION TO**
                                   )        **STRIKE AND MOTION FOR SUMMARY**
        v.                         )        **JUDGMENT**
                                   )
TYRONE AGRO,                       )
                                   )
            Defendant.             )


Before the court is Plaintiffs Frank and Serina DeWolfe's Motion to Strike and Motion

for Summary Judgment. Plaintiffs move to strike Defendant's affirmative defense of adverse

possession on the grounds that it does not conform with Maine Rules of Civil Procedure 7 and 9.

Plaintiffs' Motion for Summary Judgment is premised on an assumption that the defense of

adverse possession will be striken.

Plaintiffs argue that the defense of adverse possession is "so poorly structured as to be

meaningless." Defendant's answer alleges that he believes the disputed area is his land and that

he has parked his vehicle alongside the road for forty-three years and his answer lists adverse

possession as a defense. "'Maine is a notice pleading state.'" *Howe v. MMG Ins. Co.*, 2014 ME

78, ¶ 9, 95 A.3d 79 (quoting *Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶

16, 997 A.2d 741). The notice pleading standard is forgiving. *Id.* (quoting *Burns v.

Architectural Doors & Windows*, 2011 ME 61, ¶ 21, 18 A.3d 823). A party stating a defense

need only do so in "short and plain terms;" "[n]o technical forms of pleading . . . are required."

M.R. Civ. P. 8(b), (e)(1). Defendant's answer meets this forgiving standard, as evidenced by

Plaintiffs' ability to recognize his defense of adverse possession.

REC'D CUMB CLERKS OFC
OCT 10 '23 PM 1:34

Plaintiffs' argument that adverse possession needs to be pleaded with particularity under Rule 9(c) is unavailing. Rule 9(c) sets forth the pleading standards for pleading the performance or occurrence of conditions precedent, which is only relevant when there is a contract involved. *See* M.R. Civ. P. 9(c). There is no contract between the parties to this case. Therefore, there is no basis to require particularity in pleading under Rule 9(c).

Plaintiffs' Motion for Summary Judgment is premised in large part on an assumption that their Motion to Strike will be granted and adverse possession will no longer be in issue. Beyond that assumption, Plaintiffs argue that the undisputed facts are insufficient to establish adverse possession. As the non-movant, Defendant's task on summary judgment is to show that a genuine dispute of material facts exists in order to defeat judgment as a matter of law for the Plaintiffs. *See* M.R. Civ. P. 56(c). Defendant need not establish his defense as a matter of law to defeat summary judgment. Here, Defendant has shown that a genuine dispute of material fact remains, therefore Plaintiffs' Motion for Summary Judgment is DENIED.

## ORDER

For the reasons discussed above, Plaintiffs' Motion to Strike and Motion for Summary Judgment is DENIED.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

DATED: 10/10/23

_____
Thomas R. McKeon
Justice, Maine Superior Court

Entered on the Docket: 10/10/2023